**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BETTY JO SMOTHERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-2202-CM |
| | ) |
| **MIDLAND CREDIT MANAGEMENT,** | ) |
| **INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff Betty Jo Smothers filed this action under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq., alleging that defendant Midland Credit Management, Inc. violated the FDCPA by sending a single debt collection letter to plaintiff that included false, deceptive, and misleading representations.  This matter is before the court on two motions that will effectively resolve the case: defendant's motion for summary judgment (Doc. 23) and plaintiff's motion for summary judgment (Doc. 25).  For the reasons stated below, the court denies defendant's motion and grants plaintiff's motion.

**I.    Factual Background**

The parties stipulated to nearly all of the relevant facts in this case.  Highly summarized, those facts are as follows:

Plaintiff owed credit card debt to Citibank (South Dakota), N.A. ("Citibank").  Due to non-payment, Citibank charged off the debt, and defendant eventually purchased the debt.  The statute of limitations for filing a lawsuit to collect on the debt has since passed.

After the statute of limitations expired, defendant sent a letter to plaintiff that states, "The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it."  The letter also includes the following:



. . . .

The letter does not threaten litigation.  Moreover, defendant at all relevant times had a written policy specifying that, after a debt was out of statute, defendant would not recalculate the statute of limitations if it received a payment toward the debt—even if the law allowed revival.

## II.     Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In applying this standard, the court views the evidence and all reasonable inferences therefrom

in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III. Discussion

Congress enacted the FDCPA in response to reports of "abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). One of the purposes of the FDCPA is "to eliminate [these] abusive debt collection practices." *Id.* § 1692(e). To further this purpose, the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. To establish a violation of § 1692e, the plaintiff must show that (1) the plaintiff is a "consumer" and the defendant is a "debt collector" within the meaning of the FDCPA; (2) the debt arises out of a transaction "primarily for personal, family, or household purposes"; and (3) the defendant used a "false, deceptive, or misleading representation or means" when trying to collect the debt. *Id.* §§ 1692a, 1692e; *see also Yang v. Midland Credit Mgmt., Inc.*, No. 15-2686-JAR, 2016 WL 393726, at *1 (D. Kan. Feb. 2, 2016). The parties agree that the first and second elements are not at issue; only the third element is disputed.

Plaintiff argues that she is entitled to summary judgment for two reasons: (1) defendant misrepresented the character and nature of the debt when it failed to disclose the revivable nature of a time-barred debt in Kansas; and (2) defendant engaged in a deceptive practice when it described the benefits of a partial payment without disclosing the legal consequences of such a payment in Kansas. These two arguments are based on Sections 1692e(2)(A) and 1692e(10) of the FDCPA. Defendant counters that summary judgment in its favor is justified because (1) the statute of limitations disclosure was true at the time defendant mailed the letter; (2) the disclosure would be true even if plaintiff made payments on the debt because defendant's policies prohibited suing on time-barred debt—regardless of

whether partial payment revived the statute of limitations; and (3) numerous courts have approved letters like the one issued here.

### A. FDCPA Standards

When analyzing a claim under the FDCPA, the "overwhelming majority of Courts of Appeals" apply the "least sophisticated consumer" or the "least sophisticated debtor" standard, which is also referred to as the "unsophisticated consumer" or the "unsophisticated debtor" standard. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 n.3 (3d Cir. 2015). Although the Tenth Circuit has not expressly adopted this standard, it has recognized that other circuits apply an objective standard when analyzing FDCPA claims, "measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Ferree v. Marianos*, No. 97-6061, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997) (citation omitted). In *Ferree*, the Tenth Circuit explained that "the test is how the least sophisticated consumer—one not having the astuteness of a [lawyer] or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Id.* (citation omitted). The Tenth Circuit, however, also noted that the hypothetical consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (citation omitted). Based on this guidance from the Tenth Circuit and consistent with recent case law in this district, the court predicts that the Tenth Circuit would hold that the "least sophisticated consumer" standard applies to FDCPA claims. *See e.g.*, *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1222 (D. Kan. 2014); *Yang*, 2016 WL 393726, at *3.

There is a circuit split over whether the application of the "least sophisticated consumer" test in § 1692e claims is a question of law or fact. *Kalebaugh*, 43 F. Supp. 3d at 1222. Although not definitively resolving the issue, in *Sheriff v. Gille*, the Supreme Court recently noted in dicta that "the

application of the FDCPA to [undisputed] facts is a question of law," and the lower court "therefore properly granted summary judgment" on the issue of whether a practice was "false, deceptive, and misleading." 136 S. Ct. 1594, 1603 n.7 (2016). This is consistent with the Second, Fourth, and Ninth Circuits, which "have determined that the question [of] whether a communication is false and deceptive in violation of [§] 1692e is a question of law for the [c]ourt." *Kalebaugh*, 43 F. Supp. 3d at 1222 (citations omitted). Further, although the Fifth, Sixth, Seventh, and Eleventh Circuits held this determination is a question of fact, these courts have "explained that not all cases require a jury trial if material facts are not disputed and the court is able to decide the case as a matter of law based on the language in the collection letter." *Id*. Consistent with the Supreme Court's dicta and recent case law from this district, the court predicts that "the Tenth Circuit would decide that the determination of whether the language in a collection letter is confusing or misleading to the least sophisticated consumer under § 1692e is a question of law." *Yang*, 2016 WL 393726, at *3.

**B.     15 U.S.C. § 1692e(2)(A)**

In Section 1692e(2)(A), the FDCPA prohibits the false representation of "the character, amount, or legal status of any debt." Plaintiff first argues that defendant falsely represented the nature and character of the debt because defendant said that it would not sue plaintiff on her debt, because of the age of the debt. But if plaintiff made partial payments (as defendant encouraged in its letter), then under Kansas law, the statute of limitations on the debt would be revivable. In the letter, defendant represented that making payments would allow plaintiff to "put this debt behind her" and give plaintiff "peace of mind." Plaintiff argues that these "benefits" are not benefits at all, because the debt is already time-barred, and the only thing that could revive a collector's ability to sue on the debt is making the payments as defendant suggests.

The question here is whether defendant's statements that "[t]he law limits how long you can be sued on a debt," and "[b]ecause of the age of your debt, we will not sue you for it," taken in context with the rest of the letter, constituted a misrepresentation. Defendant's statements (that the law limits how long the consumer can be sued and that defendant would not sue on the debt) are technically true if viewed in isolation. The law does have limits, and defendant's policy is that it will not sue on stale debts. And although judicial enforcement of the debt is time-barred, the debt still exists. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32–33 (3d Cir. 2011); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) (holding that "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid").

But the statements are also incomplete. Once expired, the law's time limits can be revived in Kansas. Kan. Stat. Ann. § 60-520. And while defendant may not sue, defendant can resell the debt to a collector who may. Defendant's promise not to sue does not impact the legal effect of making a partial payment because the revival of a statute of limitations is statutory—not a decision made by a debt collector. *See Pantoja v. Portfolio Recovery Assocs., LLC*, 78 F. Supp. 3d 743, 746 (N.D. Ill. 2015) ("The debt is revived by operation of law, not at defendant's election."). Given these circumstances, listing the "benefits" of paying stale debt—while omitting the concurrent risks of paying the debt—is misleading to the least sophisticated consumer. The consumer may indeed receive some of the benefits listed, but she also exposes herself in Kansas to lawsuit on the previously-stale debt—perhaps not by defendant, but by another debt collector.

Plaintiff is not the first to raise the "misrepresentation by omission" issue. In *United States v. Asset Acceptance, LLC*, No. 8:12-CV-00182-JDW-EAJ, slip op. (M.D. Fla. Jan. 31, 2012), the Attorney General alleged that making demands on portfolios of stale debt can be deceptive. The

United States raised the concern that in some states, making a partial payment can revive a stale debt. (Doc. 26-3 at 12.)  The court ultimately entered a consent decree that did not address that issue. Instead, the court required a disclosure that the statute of limitations had expired, but not that a partial payment would revive the statute of limitations.  Defendant argues that the fact that the Federal Trade Commission agreed to omit the revival disclosure in the consent decree weighs in favor of defendant's arguments here.  The court, however, declines to read too much into a consent decree that was likely the result of compromise.

Defendant also directs the court to guidance from the Consumer Financial Protection Bureau ("CFPB").  The CFPB considered issuing a rule that required debt collectors to disclose that a partial payment may revive the statute of limitations on some debts.  Ultimately, the CFPB declined to move forward with a proposal:

> Consumers may revive a time-barred debt under state law if they make a payment on it or acknowledge that the debt is theirs.  Consumers may believe that these actions would be beneficial to them.  To try to correct this impression, collectors could attempt to disclose that these actions in fact could permit collectors to subsequently file a lawsuit because the debt has been revived.  However, the Bureau's testing to date suggests that consumers may not fully understand such a disclosure, because it seems counterintuitive to them.

*See* http://files.consumerfinance.gov/f/documents/20160727_cfpb_Outline_of_proposals.pdf.  With all due respect to the CFPB, the court believes that a disclosure could be drafted in such a way as to make consumers aware of the risks attendant to making payments on a stale debt, without confusing them.

The court recognizes that several other district courts have found it unnecessary to advise consumers about the potential revival of a statute of limitations.  *See*, *e.g., Olsen v. Cavalry Portfolio Servs., LLC*, No. 8:15-cv-2520-T-23AAS, 2016 WL 4248009, at *2 (M.D. Fla. Aug. 11, 2016) ("[T]he FDCPA imposes on Cavalry no duty to advise Olsen of potential defenses, including the expired limitation or the consequence of partial payment"); *Filgueiras v. Portfolio Recovery Assocs., LLC*, No.

15-8144, 2016 WL 1626958, at *9–10 (D.N.J. Apr. 25, 2016) (accepting plaintiff's claim that partial payment "would restart the statute of limitations, giving [t]he creditor a new opportunity to sue for the full debt," but holding that a collection letter stating that "[b]ecause of the age of your debt, we will not sue you for it" did not violate the FDCPA); *Schaefer v. ARM Receivable Mgmt.*, No. 09-11666-DJC, 2011 WL 2847768, at *4 (D. Mass. July 19, 2011).

Three appellate courts, however, recently have expressed concern with a failure to disclose the possibility of revival—even if they did not ultimately rest their holding on the concern. *See*, *e.g., Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016) (finding the FDCPA claim plausible and holding that "we agree that a collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a 'settlement' and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of the FDCPA."); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (reversing dismissal of FDCPA claim involving a letter that used the term "settlement offer" and stating, "The other problem with the letter is that an unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. Not true: Some payment is worse than no payment. The general rule in Michigan is that partial payment restarts the statute-of-limitations clock, giving the creditor a new opportunity to sue for the full debt. As a result, paying anything less than the settlement offer exposes a debtor to substantial new risk.") (internal citation omitted); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014) (addressing a letter that offered to "settle" a debt and stating, "The fact that both [ ] letters contained an offer of settlement makes things worse, not better, since a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount. That is why those offers only reinforced the misleading impression that the debt was legally enforceable."); *see also Magee v.*

*Portfolio Recovery Assocs., LLC*, No. 12 CV 1624, 2016 WL 2644763, at *4 (N.D. Ill. May 9, 2016) (granting summary judgment for plaintiff where the debt collector used the term "settlement" and failed to include language that the law limits how long consumers can be sued on their debt or about potential revival of the debt upon a partial payment).

Although none of the courts identified above specifically held that a revival disclosure was required, resolution of the question also was unnecessary. The letters involved in those cases had other, independent problems. All of them discussed "settlement" of the debt, which was a critical factor in the court's opinions. Nevertheless, the court finds the courts' concerns about the lack of a revival disclosure persuasive. It is key to the court that the relevant standard is that of the least sophisticated consumer. The least sophisticated consumer most certainly would not be aware that making a payment could make the debt judicially enforceable again—particularly when the collector tells the consumer that the law limits how long she can be sued and that the collector will not sue. Explaining to the consumer all of the benefits she will receive by making payments on a stale debt, while neglecting to address Kansas law that would make the debt judicially enforceable again, is a misrepresentation of the character and legal status of the debt under the FDCPA. The court determines as a matter of law that defendant violated the FDCPA by sending the letter to plaintiff.

### C.     15 U.S.C. § 1692e(10)

Plaintiff's second argument is a slight variation on her first: that defendant engages in a deceptive practice by attempting to "lure" the least sophisticated consumer into making a payment on a time-barred debt, while failing to disclose the legal consequences of such a payment.

For the same reasons as above, the court determines that defendant violated § 1692e(10) with its letter. Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Defendant's

offer to work with plaintiff to devise a payment plan—without disclosing the pitfalls of making payments under the plan—is deceptive as a matter of law.

## IV. Conclusion

For the above-stated reasons, the court determines that plaintiff is entitled to summary judgment and defendant is not. Defendant violated the FDCPA by sending plaintiff the letter offering partial payment options on a time-barred debt without also disclosing that making a partial payment would revive the debt as judicially enforceable under Kansas law.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Doc. 23) is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (Doc. 25) is granted.

Dated this 29th day of December, 2016, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**